UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-163-F

| | |
|---|---|
| CHRISTINE KONAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| NEW CENTURY MORTGAGE CORP., ) | |
| OCWEN LOAN SERVICING, LLC. ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Motion for Judgment on the Pleadings or for Summary Judgment [DE-12] filed by Defendant Ocwen Loan Servicing, LLC. The motion is ripe for ruling.

## I. PROCEDURAL HISTORY

The pro se Plaintiff Christine Konar ("Plaintiff" or "Konar") initiated this action by filing a Complaint in the North Carolina General Court of Justice, District Court Division, Pender County, on June 15, 2011. The Complaint names Ocwen Loan Servicing, LLC ("Owen") and New Century Mortgage Corporation ("New Century") as Defendants.

On July 29, 2011, Ocwen filed a Notice of Removal in this court, asserting that it had received a copy of the Complaint and Summons on June 30, 2011, and asserting that this court had subject matter jurisdiction in this case under 28 U.S.C. §§ 1331, 1332 and 1367. After receiving an extension of time, Ocwen filed an Answer [DE-7] on August 25, 2011, and the court issued a Scheduling Order [DE-11] on October 21, 2011. The Scheduling Order provided, *inter alia*, that discovery had to be completed by June 29, 2012, and dispositive motions filed by July 27, 2012.

On July 27, 2012, Ocwen filed its Motion for Judgment on the Pleadings or for Summary

Judgment [DE-12]. Three days later, the Clerk of Court issued a Notice to Plaintiff of Failure to Make Service on Defendant New Century [DE-14]. Plaintiff filed a Response [DE-16] to the Notice, wherein she stated that she had made two certified mailings to New Century, one of which was accepted and the other of which was returned to her, and enclosed her receipts. She also stated that she did not realize that in June 2011, "New Century was in bankruptcy." She stated the "Trustee of New Century" now has "a copy of the original complaint and the removal" to this court. Thereafter, Ocwen filed a Corrected Motion for Extension of Time to Extend Trial Date, noting that Ocwen's Motion for Judgment on the Pleadings or for Summary Judgment [DE-12] is pending before the court, and a ruling on the motion may obviate the need for trial.

In an Order [DE-25] filed on October 12, 2012, the court recounted the parties' various filings, and also observed that the parties' briefings with regard to Ocwen's Motion for Judgment on the Pleadings or Summary Judgment [DE-12] and attachments thereto indicate that Plaintiff has filed a claim in New Century's bankruptcy proceeding in the United States Bankruptcy Court for the District of Delaware and initiated an adversary proceeding against New Century. *See* Ocwen's Mem. in Support, Ex. B [DE-13-2] (complaint filed in Adversary Proceeding Case # 07-10416KJC); Pl.'s Resp. in Opp. [DE-19] at p. 10 (stating that she filed claim in "the Delaware bankruptcy court"). Accordingly, the court stayed this action as to Defendant New Century only pending the resolution of its bankruptcy action in the Bankruptcy Court for the District of Delaware. The court also allowed Ocwen's Motion to Extend in part, and continued the bench trial in this matter to the term of court commencing on March 11, 2013.

## II. ALLEGATIONS IN THE COMPLAINT AND RECORD EVIDENCE

The Complaint is captioned "Action to Quiet Title–Fraudulent Conveyance, Trespass to Try

Title." Therein, Plaintiff alleges that on February 27, 2007, she entered into a home mortgage, secured by a deed of trust, with New Century, for her home located at 322 Lafayette Street, Wilmington, North Carolina, 28411. Compl. [DE-1.2] ¶¶ 3,8. The record evidence supports that Plaintiff executed a note and deed of trust securing the repayment of a $117,600 loan from New Century Mortgage Corporation. Compl. [DE-1.2.], Ex. A (Deed of Trust); Ex. B (Note); Reply, Ex. A [DE-24.1] (Deed of Trust); Aff. of Ryan Bradley, Ex. A [DE-24.3] (Note). Plaintiff alleges she was "never given a Consumer's right to rescind in the original mortgage documents, nor did the Plaintiff realize or was it disclosed she could rescind the transaction, per Reg. Z. § 226.23(a)(3)." *Id.* at ¶ 11.

She alleges that the mortgage or deed of trust that secures the note is invalid, under "TILA,"[1] and that "Defendant(s)[sic] liens are invalid." *Id.* at ¶¶ 13-14. She also contends that Ocwen has "misrepresented true and legal conveyance by . . . [New Century] to [Ocwen], by denying and misrepresenting 'collateral rights' to sell the property or act as its lien holder." *Id.* ¶ 15. Plaintiff further alleges there is a "cloud on the title" because "the chain of title has been broken by passing the rights of ownership without legal documentation, by MERS" and that Ocwen acquired the mortgage from MERS. *Id.* ¶¶ 17-18. She also alleges that Ocwen has failed to register as a trustee under North Carolina, and has violated various state and federal laws. ¶¶ 21-28.

In addition to these allegations, the record evidence also shows that the Note contains the following provision: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.' " Aff. of Ryan Bradley, Ex. A [DE-24.3] at p.1. The Deed of Trust named Mortgage

---

[1] The court assumes Plaintiff is referencing the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*

3

Electronic Registration Systems ("MERS") as the beneficiary of the Deed of Trust solely as nominee for the Lender, New Century. Reply, Ex. A [DE-24.1] (Deed of Trust). At some point after the closing, New Century sold the Note, and U.S. Bank N.A. as Trustee for the registered holders of CSMC Asset-Backed Trust 2007-NCI OSI, CSMC Asset-Backed Pass-Through Certificates, Series 2007-NCI OSI ("U.S. Bank") is the current owner. Reply, Aff. of Ocwen [DE-24.2] ¶ 2. U.S. Bank granted a limited power of attorney to Ocwen, and Ocwen now services the loan. *Id.* ¶¶ 3-4.

Beginning in February 2011, three separate foreclosure proceedings were commenced and subsequently dismissed without prejudice for reasons unclear from the record before the court. With regard to at least one of these proceedings, Plaintiff, through counsel, file a Complaint for Injunctive Relief in Pender County Superior Court, seeking to enjoin the foreclosure hearing and sale based on the litigation in the instant court. It is unclear what action, if any, the state court has taken on Plaintiff's Complaint for Injunctive Relief.

It is undisputed that Plaintiff has not made a mortgage payment on the subject property since September 1, 2009. *See* Reply, Aff. of Ocwen, [DE-24.2] ¶¶ 5, 6; *In re New Century TRS Holdings, Inc.*, Case No. 07-10416 (KJC), Transcript of July 12, 2012, Hearing at p. 210 (located in case at docket entry 10994) (Bankr. Del. July 24, 2012) (in response to the presiding bankrupty judge's questions, plaintiff admitted that the last time she made a mortgage payment on the subject property was in late 2009).[2]

### III. STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Rule 12(c) is intended to test the legal

---

[2] Plaintiff filed a portion of this transcript along with her response. The court has accessed the entirety of the transcript which is publicly available from the United States Bankruptcy Court for the District of Delaware.

4

sufficiency of the complaint. In considering such a motion, the court must accept well-pleaded facts as true and draw all factual inferences in favor on the non-moving party. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Judgment on the pleadings should be granted only if it is clear that there is no genuine issue of material fact and that judgment is appropriate as a matter of law.

However, if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56 . . . ." FED. R. CIV. P. 12(d). Thus, when a party files a motion for judgment on the pleadings, the district court may, *sua sponte*, convert the motion to one for summary judgment if (i) matters outside the pleadings are presented to the court, and (ii) all parties are given notice that the dismissal motion may be treated as one for summary judgment. *See* FED.R.CIV.P. 12(d); *Pachaly v. City of Lynchburg*, 897 F.2d 723, 177 (4th Cir.1990). In an analogous situation, the Court of Appeals for the Fourth Circuit has held that "when a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment." *Gay v. Wall*, 761 F.2d at 177. In the instant case, all parties have submitted exhibits not referenced in the pleadings, and the time period for discovery has closed. Accordingly, the court will analyze Ocwen's motion as one for summary judgment.

## IV. ANALYSIS

In its memorandum in support of its motion, Ocwen first argues that (1) any claim Plaintiff asserts against it under TILA fails as a matter of law; (2) Plaintiff's allegations as to MERS and the assignment of the security instrument fail to state a claim, and (3) Plaintiff's references to various statutes, including alleged violations of the Clayton Act, 15 U.S.C. § 15, and the Sherman Anti-Trust

5

Case 7:11-cv-00163-F   Document 29   Filed 02/04/13   Page 5 of 9

Act, 15 U.S.C. § 1 *et seq.*, are without factual support and fail to state a claim. In response, Plaintiff makes many assertions with regard to Defendant New Century's actions, and asserts her allegations regarding TILA are "part of the New Century claim" and are not directed at Ocwen. She also asserts that the relief she requests is clearly stated in the caption. Again, the caption states "Action to Quiet Title–Fraudulent Conveyance, Trespass to Try Title."

Based on the foregoing, the court construes Plaintiff's response as conceding that she has failed to support any claims under TILA, the Clayton Act, and the Sherman Anti-Trust Act that may have been alleged against Ocwen in the Complaint. The court also construes Plaintiff's response as asserting that the claims she actually pursues against Ocwen are (1) a claim to quiet title; (2) a claim of "trespass to try title", and (3) a claim for fraudulent conveyance.

**A. Quiet Title Action**

"An action [to quiet title] may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims." N.C. Gen. Stat. § 41-10. The purpose of the statute creating a cause of action to quiet title is to " 'free the land of the cloud resting upon it and make its title clear and indisputable, so that it may enter the channels of commerce and trade unfettered and without the handicap of suspicion . . . .' " *Resort Development Co., Inc. v. Phillips*, 278 N.C. 69, 77, 178 S.E.2d 813, 818 (1971) (quoting *Christman v. Hilliard*, 167 N.C. 4, 8, 82 S.E.2d 949, 951 (1914)). " 'A cloud upon the title is, in itself: a title or encumbrance, apparently valid, but in fact invalid. It is something which, nothing else being shown, constitutes an encumbrance upon it or a defect in it–something that shoes prima facie the right of a third party either to the whole or some interest in it, or to a lien upon it.' " *York v. Neman*, 2 N.C. App. 484, 488, 163 S.E.2d 282, 285 (1968) (quoting *McArthur v. Griffith*, 147 N.C. 545, 549, 61 S.E.519,

6

521 (1908)).

Ocwen asserts that Plaintiff is not asking this court to free the subject property from a cloud on its title so the subject property can "enter the channels of commerce and trade unfettered and without the handicap of suspicion." *Resort Development Co.*, 278 N.C. at 77, 178 S.E.2d at 818. Rather, Plaintiff is asking the court to order that Ocwen, the servicer of the loan, does not have right to enforce an encumbrance on the subject property. She, however, has proffered no viable legal theory, supported by evidence, that the encumbrance is invalid.

Specifically, it is undisputed that Plaintiff signed the Note, promising to repay the amount of the Loan by New Century, and that she executed a Deed of Trust. As best as the court can discern from Plaintiff's filings before it, she is arguing that the encumbrance is invalid because of TILA violations committed by New Century and because she is requesting the remedy of rescission under TILA. Under TILA, however, a borrower has, at most, "three years after the date of consummation of the transaction" to exercise his or her right to rescission. 15 U.S.C. § 1635(f). Here, the only indication in the record that Plaintiff exercised her right to rescission was her filing of the instant lawsuit on June 5, 2011, which is more than three years after the date of consummation of her mortgage on February 27, 2007. Thus, even if a TILA violation and its attending right to rescission could serve as a basis for finding that the encumbrance is invalid, it is no longer a viable theory. *See Gilbert v. Residential Funding, LLC*, 678 F.3d 271, 277 (4th Cir. 2012) (explaining that borrower must take some action to exercise her right to rescind the transaction within three years). Plaintiff has advanced no other legal theory why the encumbrance is invalid.

Rather, at bottom, Plaintiff appears to seek a declaration from the court that a servicer, in this case Ocwen, may not enforce the encumbrance for any variety of reasons not concerning the validity

7

of the encumbrance. This is not the purpose of a quiet title action, and Ocwen's motion is therefore ALLOWED as to Plaintiff's quiet title claim.[3] *Cf. Lancaster v. Suntrust Mortg., Inc.*, 7:09-CV-134-BO 2011 WL 3104951, at *2 (E.D.N.C. July 23 2011) (dismissing plaintiffs' quiet title claim because plaintiffs were not seeking to remove an invalid encumbrance from the property, but instead were asking the court "to declare that service cannot cause foreclosure proceedings to be initiated on behalf of the owner of a security interest in a piece of property"). *See also Brown v. Wilmington Finance*, Civil No. CCB-11-669, 2012 WL 875541, at *6 (D. Md. March 21, 2012) (dismissing a plaintiff's claim to quiet title under Maryland law where plaintiff admitted that she took out two loans, encumbered her property by a deed of trust, and failed to satisfy the encumbrances, and her claim for rescission was "barred by the TILA statute of repose, and she ha[d] articulated no other reason under law why defendants' purported interest in her property should be voided").

## B. Trespass to Try Title

To the extent that Plaintiff's reference to "trespass to try title" in the caption and first sentence in the Complaint attempts to state such a claim, Ocwen is entitled to judgment thereon. In an action for trespass to try title, a plaintiff must allege and prove both title in herself and trespass by a defendant. *See Keller v. Hennessee*, 11 N.C. App. 43, 46, 180 S.E.2d 452, 454 (1971). Here, even if there admissible evidence of trespass,[4] there is no dispute about the title to the subject property, for the reasons the court already has stated. Accordingly, Ocwen's motion for summary judgment is

---

[3] Should foreclosure proceedings be instituted against the subject property again, this court notes that it has not issued any ruling or judgment on any trustee's right to close on the subject property.

[4] The only evidence in the record concerning trespass is an unsworn statement ostensibly by Plaintiff in an email by her regarding settlement of the matter. *See* Response, Ex. F, April 20, 2012 Email [DE-19.6] ("We have trespassers on the property of 'unknown and unidentified' persons on the property on a Sunday @ 9:00 AM trying to [illegible] locks and 'winterize the property.'").

8

ALLOWED as to Plaintiff's claim for trespass to try title.

## C. Fraudulent Conveyance

The final "claim" listed in the caption of the Complaint is "fraudulent conveyance." This claim is simply inapplicable to the facts alleged in the Complaint and the admissible evidence in the record. An action for a fraudulent transfer, or conveyance, is generally brought by a creditor against a debtor to set aside a transfer of property or to obtain other similar relief. *See* N.C. Gen. Stat. § 39-23.4. Plaintiff, of course, is not a creditor of Ocwen. The court can discern no conceivable basis for this claim, and therefore Ocwen's motion for summary judgment is ALLOWED as to this claim.

## V. CONCLUSION

For the foregoing reasons, Ocwen's Motion for Judgment on the Pleadings or for Summary Judgment [DE-12] is ALLOWED, and Plaintiff's claims against Ocwen are DISMISSED. The stay of Plaintiff's claims against Defendant New Century remains in effect; however, the Clerk of Court is DIRECTED to administratively close this case from the active docket, subject to the same being reopened by any party upon the resolution of New Century's bankruptcy action in the Bankruptcy Court for the District of Delaware, or otherwise upon good cause shown.

SO ORDERED. This the 4th day of February, 2013.

*James C. Fox*
James C. Fox
Senior United States District Judge